LANDON and INGALLS, JJ., concur.

---

ABRAHAM V. DE WITT v. EMMA L. STEUDER, as Executrix, etc.,

N. Y. Supreme Court, Third Department, General Term, May 27, 1889.

Attorney and Client. Right to change.—The fact that an attorney, obnoxious to his client, claims a lien by an agreement of doubtful validity, upon a note which may possibly be collected in the action, will not preclude such client from confiding the further charge of her litigation to an attorney of her choice.

Appeal from an order granting defendant's motion to substitute another person in the appellant's place as her attorney in the action.

T. K. & L. E. Fuller, opposed, and attorney for F. W. Talbot, appellant.

George B. Warner, for motion and respondent.

LANDON, J.—The right of the defendant to change her

attorney cannot be disputed, and the only question is as to the terms upon which her former attorney shall be suspended. The special term has allowed him seventy-five dollars for his compensation, which he accepts as sufficient for his services in this case. He claims, however, that by virtue of a contract which the defendant he is entitled to one-half of a promissory note for $2,000, upon its collection, and by the answer which he served for the defendant its collection is sought in this case. The defendant made the contract, but did so after said attorney advised her that the note was not collectible. The special term expressed the opinion that the attempt to collect the note in this action is improperly made, and that a separate action or proceeding for that purpose may be necessary. We cannot say that it is impossible or improbable that the parties will conclude that the claim upon the note may as well be determined in this action as in any other.

The special term has not determined whether the advice of the attorney that the note was uncollectible, affected the validity of the contract between the attorney and his client. There will be no occasion to determine it unless it transpires that the advice was bad and induced the contract.

The fact that the attorney, obnoxious to her, claims a lien by agreement of doubtful validity, upon a note which may possibly be collected in the action, ought not to preclude the defendant from confiding the further charge of her litigation to an attorney of her choice. His employment cannot be continued without prejudice to the rights of the defendant, and if he suffers damages by a broken contract, he must pursue his remedy as he may be advised.

Order affirmed without costs.

INGALLS, J. concurs; LEARNED, P. J. not acting.